

The following constitutes the order of the Court.
Signed: February 8, 2024

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>Tracy Lynn Ponte,<br><br>      Debtor, | Case No.: 23-10148 WJL<br><br>Chapter 7<br><br>**Hearing Held**<br>Date: December 5, 2023<br>Time: 9:30 a.m.<br>Location: 1300 Clay St, Ctrm 220/Zoom, Oakland, CA 94612 |

## AMENDED MEMORANDUM DECISION ON TRUSTEE'S OBJECTIONS TO DEBTOR'S CLAIMS OF EXEMPTION[1]

### I. Factual and Procedural Background

This matter came before the Court on the Chapter 7 Trustee's ("Trustee") objections (dkts. #17, #31, #48) to Debtor Tracy Lynn Ponte's ("Debtor") claims of exemption (dkts. #1, #21). On December 5, 2023, the Court held a continued hearing on the Trustee's objections then took the matter under submission. Thomas Kelly III appeared on behalf of Debtor and Brent Meyer appeared on behalf of the Trustee. For the reasons set forth below, the Court sustains the Trustee's objections.

---

[1] This Memorandum Decision is amended solely to reflect the appearances of the Trustee's and Debtor's respective counsels.

On March 27, 2023, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (Dkt. #1). In Debtor's Schedule A/B, Debtor listed the following assets: (1) "Charles Schwab retirement account bearing account number XXXX 1125 (ERISA qualified pursuant to 26 U.S.C. § 401 – not property of the estate – listed for information purposes only). Held in the name of Tracy Ponte Family Trust 2016" in the amount of $55,502.15 ("Inherited IRA"); (2) "Operating Engineers Credit Union retirement account bearing account number XXXX3331. (ERISA qualified pursuant to 26 U.S.C. § 401 – not property of the estate – listed for information purposes only)" in the amount of $80,218.51 ("Personal IRA"); (3) "[f]uture distribution from deceased father's trust. Administration is still pending. Debtor is 50% beneficiary with her sister. Sister is trustee of the trust. Believed to be less than $25,000 as there are pending claims for attorneys fees and taxes for the estate" (the "Inheritance"). (*Id.*, Schedule A/B at 5, 7). In her initial Schedule C, Debtor claims exemptions in the Inherited IRA and the Personal IRA under 11 U.S.C. § 522(b)(3)(C), and in the Inheritance under California Code of Civil Procedure ("C.C.P.") §703.140(b)(5). (*Id.*, Schedule C at 1-5).

On May 16, 2023, the Trustee filed an objection challenging Debtor's claim of exemptions under § 522(b)(3)(C), arguing that the Inherited IRA and the Personal IRA are not exempt under the Bankruptcy Code's exemption scheme; the Trustee also reserved the right to object to the Inheritance. (Dkt. #17). Following the Trustee's objection, Debtor filed an amended Schedule C to include claims of exemption in the Inherited IRA and the Personal IRA under CCP §703.140(b)(10)(E). (Dkt. #21).

As background, after the passing of Debtor's father in 2015, Debtor inherited her father's interest in the funds held in the Inherited IRA. (Dkts. #31 at 4, #48 at 2). Debtor attests that she has not personally made any contributions to, and since then, has elected to receive minimum annual distributions from the Inherited IRA. (*Id.*). As of the petition date, the Inherited IRA had an aggregate balance of $55,502.15. (*Id.*).

On August 29, 2022, Debtor established the Personal IRA at Operating Engineers Local No. 3 Union Federal Credit Union ("OEFCU") and indicated in her application that the initial contribution to this fund was a rollover "from a Roth IRA or eligible employer sponsored

2

retirement plan…" (Dkt. #48 at 2–3). That same day, Debtor deposited $90,000 into two separate accounts at OEFCU—$80,000 into a traditional savings account and $10,000 into the Tracy Ponte PAS Family Trust account. (*Id*. at 3). Debtor then transferred the $80,000 into the Personal IRA as a "rollover contribution." (*Id.*). In fact, Debtor received the $90,000 as part of an equalizing payment pursuant to a marital settlement agreement executed with Debtor's ex-spouse in July 2021. (*Id*. at 4–5).

On July 11, 2023, the Court held a hearing on the Trustee's Objection pursuant to § 522(b)(3)(C) but declined to adjudicate the matter in light of Debtor's amended claims of exemption, which had been filed shortly before the hearing. Accordingly, the Court gave the parties an opportunity to provide supplemental briefing respecting the amended exemptions and set the matter for resolution at a continued hearing. (*see* Dkts. #31, #48, #50, #52). On December 5, 2023, the Court held a continued hearing and took the matter under submission.

## II. Exemption Provisions

When an individual debtor files for bankruptcy, an estate is created which includes the debtor's "legal or equitable interests…in property." 11 U.S.C. § 541(a)(1). The Bankruptcy Code, however, allows a debtor to exempt from the estate limited interests in certain types of property through various exemptions found in the Bankruptcy Code or applicable state law. *See Clark v. Rameker*, 573 U.S. 122, 124 (2014); *Rousey v. Jacoway*, 544 U.S. 320, 325 (2005).

Under § 522(b)(3)(C), a debtor can exempt "retirement funds to the extent those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code." 11 U.S.C. §§ 522(b)(3)(C), 522(d)(12). The referenced sections of the Internal Revenue Code include accounts such as traditional and Roth IRAs which are created by 26 U.S.C. 408 and 408A, respectively. *See Clark,* 573 U.S. at 124.

The Bankruptcy Code further provides that states can opt out of the federal exemption scheme and can provide their own forms of exemptions. *See* 11 U.S.C. §§ 522(b)(2), 522(b)(3)(A), 522(d). California has chosen to opt out, and has (i) included and made available to debtors a series of exemptions that are purely the creation of the California legislature (*see,*

*e.g.*, C.C.P. § 704.115)[2]; and (ii) enacted a separate scheme of exemptions found in §703.140, including § (b)(10)(E) which is identical to the federal scheme under § 522(d)(10)(E), which provides in relevant part: "The debtor's right to receive … a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor…" *See* C.C.P. § 703.140(b)(10)(E).

With the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act in 2005, a debtor in opt-out states like California is not limited to the IRA exemption under state law but may also claim an exemption under § 522(b)(3)(C), subject to applicable dollar limits in § 522(n). *See In re Williams*, 556 B.R. 456, 460 (Bankr. C.D. Cal. 2016). Here, Debtor seeks to exempt the Inherited IRA and the Personal IRA under both 11 U.S.C. § 522(b)(3)(C) and C.C.P. § 703.140(b)(10)(E).

### III. The Burden of Proof

The Trustee contends that Debtor has the burden of proving that the claimed exemptions are proper, notwithstanding the language of the Federal Rules of Bankruptcy Procedure 4003(c).[3] (Dkt. #31 at 2–3). Rule 4003(c) allocates the burden of proof to the objecting party, whereas C.C.P. § 703.580(b) places the burden on the party claiming the exemption. (*Id.*). The Trustee argues that despite the apparent conflict, courts in the Ninth Circuit appear to hold that where a state exemption statute specifically allocates the burden to a particular party the bankruptcy court is required to follow the state law. (*Id.* at 3 (citing *In re Bhangoo*, 634 B.R. 80, 85 (B.A.P. 9th Cir. 2021) (holding that "the bankruptcy court is required to apply the state law burden of proof on exemptions claimed in California") (internal citations omitted); *In re Diaz*, 547 B.R. 329, 337 (B.A.P. 9th Cir. 2016) (concluding "where a state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation")). On the contrary, Debtor argues that the question of the allocation of the burden of proof in the Ninth Circuit is unclear as demonstrated by the collection of cases

---

[2] Debtor has chosen not to avail herself of these exemptions.
[3] Unless specified otherwise, all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

4

cited by the court in *In re Pashnee,* 531 B.R. 834 (Bankr. E.D. Cal. 2015). (Dkt. #50 at 4). A review of these cases indicates more properly that no court has directly disagreed with the holdings in *Bhangoo* and *Diaz,* but rather, certain opinions have suggested different outcomes for reasons not relevant in this case.

In any event, as a practical matter, the Court does not think that deciding who has the burden of proof is germane to the IRA exemption question presented because there appear to be no disputes about the facts relevant to these determinations. The questions presented are purely questions of law.

### IV. The Inherited Individual Retirement Account

Traditional and Roth IRAs are federally-defined financial accounts that offer tax advantages to encourage individuals to save for retirement. 26 U.S.C. §§ 408, 408A. With respect to both types of IRAs, Congress set some limits on the creation of such accounts, and conditions pertaining to such accounts, including making certain withdrawals subject to a 10 percent penalty if taken before an accountholder reaches the age of 59 ½, to prevent individuals from using both types of IRAs merely as tax-advantaged savings vehicles. *See* 26 U.S.C. §§ 72(t)(1)-(2).

Debtor first claimed an exemption in the Inherited IRA solely under § 522(b)(3)(C) of the Bankruptcy Code. But after amending her Schedule C, Debtor now appears to be claiming that California law controls the analysis, and that federal cases like *Clark* do not alter the applicability and interpretation of California's exemption scheme. (Dkt. #50). In other words, notwithstanding *Clark*'s holding, the Debtor asserts that the Inherited IRA is exempt as a retirement account under California law. In any event, Debtor claims an exemption in the Inherited IRA under both the federal or state exemption scheme, and as such, the Court addresses both in this memorandum.

The Court agrees with the Trustee that under a federal law analysis, the Inherited IRA is not exempt. As a general matter, the Bankruptcy Code does not define a retirement account, so the Supreme Court in *Clark* gave that term its ordinary meaning. *See Clark,* 573 U.S. at 127 (internal citations omitted). "The ordinary meaning of 'fund[s]' is 'sum[s] of money . . . set

Case: 23-10148    Doc# 57    Filed: 02/08/24    Entered: 02/08/24 16:27:28    Page 5 of 12

aside for a specific purpose.' And 'retirement' means '[w]ithdrawal from one's occupation, business, or office.'" (*Id.* (citing American Heritage Dictionary 712, 1489 (4th ed. 2000))). "Retirement funds" under Section 522(b)(3)(C) therefore means "sums of money set aside for the day an individual stop working." (*Id.*)

Under this conception, the Supreme Court concluded that funds held in inherited IRAs are not "objectively set aside for the purpose of retirement" because <u>inherited</u> IRAs hold three legal characteristics distinct from traditional or Roth IRAs. *See Clark*, 573 U.S at 128. First, "the holder of an inherited IRA may never invest additional money in the account." (*Id.* (citing 26 U.S.C. § 219(d)(4)). Second, beneficiaries of inherited IRAs are required to "either withdraw all of the funds…within five years after the year of the owner's death or take minimum annual distributions every year" regardless of how many years they may be from retirement.[4] (*Id.* (citing 26 U.S.C. § 408(a)(6); § 401(a)(9)(B); 26 CFR. § 1.408–8 (Q–1 and A–1(a) incorporating §1.401(a)(9)–3 (Q–1 and A–1(a))). Third, the holder of an inherited IRA "may withdraw the entire balance of the account at any time—and for any purpose—without penalty." (*Id.*); *see also* 26 U.S.C. § 72(t)(2)(A)(ii). Accordingly, funds in such accounts are not funds objectively set aside for retirement. (*Id.* at 129). Inherited IRAs—to the extent that the account is not inherited from a spouse—are therefore not retirement funds and not qualified for exemption under § 522(b)(3)(C).

Here, the Inherited IRA has each of the disabling characteristics set forth above. First, Debtor is unable to make any contributions to the Inherited IRA; indeed, Debtor testified at her First Meeting of Creditors that she has not personally contributed any of her own funds into the Inherited IRA. (Dkt. #48 at 2). The second and third characteristics are also present here because Debtor was required either to withdraw the entire balance—without a penalty—within five years of her father's death or take minimum annual distributions. (Dkts. #31 at 4). Debtor's access to the funds was not predicated on her retirement, and in fact, Debtor elected to take

---

[4] The law, however, makes a limited exception in instances where "the heir is the [account] owner's spouse…[then] the spouse . . . may 'roll over' the IRA funds into his or her own IRA…" *Clark,* 573 U.S. at 127; *see also In re Kelly*, No. BR 22-00089, 2023 WL 2903988 (Bankr. N.D. Iowa Apr. 11, 2023) (funds from an inherited IRA that rolled over into a spouse's existing IRA are considered a retirement account for purposes of section 522(b)(3)(C)).

6

Case: 23-10148    Doc# 57    Filed: 02/08/24    Entered: 02/08/24 16:27:28    Page 6 of 12

minimum annual distributions from the Inherited IRA starting in 2015 when Debtor was 50 years old. (*Id.*). Thus, for the reasons set forth in *Clark*, it is sensible for the Court to conclude that the annual distributions received by Debtor are not made in contemplation of retirement, and the Inherited IRA does not qualify for exemption under the federal schema.

Moreover, the limited exception noted under *Clark* for IRA accounts that are inherited from a debtor's spouse does not apply here; Debtor inherited this account from her father.

In applying this analysis to the facts presented, the Court also notes the following. First, there appears to be no factual dispute over the source of the funds in the Inherited IRA or about how the Debtor has treated the funds. Second, Debtor has consistently referred to the Inherited IRA as an "IRA" which suggests that Debtor understands that the account is a creature of federal law, bound by the limits and rules set by Congress, and not an account created and organized under California law. Though as discussed more fully below Debtor relies on *In re Sherr*, No. 16-10283, 2016 WL 5400983 (Bankr. N.D. Cal. 2016) to support her position that exempting the Inherited IRA under California law is proper, she opted to claim an exemption under the California statute that is essentially identical to the federal statute. (*see* Dkt. #21).

Accordingly, on a purely federal law analysis, the Court finds that Debtor is not entitled to exempt the Inherited IRA under § 522(b)(3)(C).

However, Debtor also argues that her right to receive payment from the Inherited IRA is exempt under C.C.P. § 703.140(b)(10)(E), which as noted previously is a mirror image of § 522(d)(10)(E) of the Bankruptcy Code. (Dkts. #21, #23, #50). Debtor maintains that *Clark* and the line of bankruptcy cases which have found that Inherited IRAs are not exempt, do not govern the interpretation and applicability of California's exemption statutes. (Dkt. #50 at 6). Debtor further argues that because "C.C.P. § 703.140(b)(10)(E) is a California statute…California law controls the interpretation of the statute." (*Id.* at 5). Debtor contends that the Inherited IRA is exempt because it is the kind of account that would fall under a "similar plan or contract" as contemplated in §703.140(b)(10)(E). (*Id.*).

It appears to the Court that Debtor has conceded that under a federal analysis, the Inherited IRA would not qualify for an exemption. In asking the Court to conclude that state

7

law provides for a different outcome, Debtor mainly relies on *Sherr* and *Williams*, which, respectively, considered a different state exemption statute than the category of exemption statutes upon which Debtor actually relies in this matter, and a different type of retirement account.

Nonetheless, Debtor argues that *Sherr* and *Williams* stand for the proposition that the correct analysis to determine whether the Inherited IRA is exempt turns on whether the funds in the account were set aside and reasonably necessary to support Debtor in retirement and not on whether the Inherited IRA is a retirement account pursuant to federal law.

The Court, however, does not find *Sherr* or *Williams* particularly apt or instructive. While the debtor in *Sherr* similarly inherited an IRA from her father, Mr. Sherr claimed an exemption solely under C.C.P. § 704.115 which exempts "[a]ll amounts held, controlled, or in process of distribution by a private retirement plan." *See Sherr*, 2016 WL 5400983, at *1. Under this statute, "retirement funds are exempt only to the extent necessary to provide support for debtor when the debtor retires." *Id.* While the *Sherr* court held that inherited IRAs are exempt under C.C.P. § 704.115, the Court declines to extend the holding to this case given that Debtor claimed an exemption under a different California statute, and as it appears to the Court, Debtor has been receiving annual minimum distributions years in advance of retirement.

*Williams* is also inapposite because the debtor in that case exempted an income stream from her father's California Public Employees Retirement System ("CalPERS") pension under C.C.P. §703.140(b)(10)(E) which specifically lists _pension_ as one of the exemptible assets under California law. *See Williams*, 556 B.R. at 461. The *Williams* court held that inherited pensions were exempt. In so holding, the court not only recognized that pensions are specifically mentioned in the California statute, but also, unlike inherited IRAs, the terms of the documents governing a CalPERS pension control the debtor's right to withdraw from such an account, and the debtor was receiving payments reasonably necessary for her support. (*Id.* at 461–65). Unlike the debtor in *Williams* whose access to the asset is limited and governed by the terms of the pension, Debtor here currently has access to the funds in the Inherited IRA and has control over how to receive such funds, and in fact has elected to receive annual distributions

since 2015—years in advance of retirement—without demonstrating that the payments were reasonably necessary for her support or retirement.

For all of these reasons, the Court does not find either case persuasive, especially given Debtor's choice of exemption and the particular circumstances in this case. Moreover, if Debtor is arguing that pursuing an exemption admittedly based on federal law should yield a different result because the exemption emanates from a state statute, the Court would have expected Debtor to have provided some evidence, direct or implied, that in copying the provisions of a federal statute with respect to a federally created and defined type of account, California lawmakers nonetheless intended to treat such accounts differently under the state regime, or intended to articulate some different policy outcome—i.e. that C.C.P. §703.140(b)(10)(E) is supposed to be interpreted differently or more "liberally" in favor of exempting inherited IRAs.[5] However, the Debtor has provided no such evidence of the California legislature's intent, nor has she articulated an argument in support of a different analysis or outcome under California law.

Accordingly, Debtor is not entitled to exempt the Inherited IRA under C.C.P. § 703.140(b)(10)(E).

V. **The Personal Individual Retirement Account**

Like the Inherited IRA, the Trustee argues that Debtor is not entitled to exempt the Personal IRA under § 522(b)(3)(C) and C.C.P. § 703.140(b)(10)(E).

As described in Sec. II and IV, *supra*, for funds to qualify as retirement funds under § 522(b)(3)(C), "(1) the amount the debtor seeks to exempt must be retirement funds; and (2) the retirement funds must be in an account that is exempt from taxation under one of the provisions of the Internal Revenue Code." *See In re Williams*, No. 09-43872-A-7, 2011 WL 10653865 (Bankr. E.D. Cal June 3, 2011) (internal citations omitted).

---

[5] From the Court's review of C.C.P. § 703.140's legislative history, there do not appear to be direct or implicit statements from California lawmakers indicating that § 703.140 was intended to broaden federal exemptions. To the contrary, "[a] comprehensive study of the legislative history of . . . § 703.140 as well as its companion statute . . . § 703.130, reveals that the *legislature's sole expressed purpose was to prevent the stacking of federal and state exemptions.*" *In re Baldwin*, 70 B.R. 612, 615 (B.A.P. 9th Cir. 1987) (emphasis in the original); *see also In re Applebaum*, 422 B.R. 684, 691 (B.A.P. 9th Cir. 2009).

Case: 23-10148    Doc# 57    Filed: 02/08/24    Entered: 02/08/24 16:27:28    Page 9 of 12

Under Section 408(a) of the Internal Revenue Code, an individual retirement account is: a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries, but only if the written governing instrument creating the trust meets the following requirements…[e]xcept in the case of a rollover contribution described in subsection (d)(3) or in section 402(c), 403(a)(4), 403(b)(8), or 457(e)(16), no contribution will be accepted unless it is in cash, and contributions will not be accepted for the taxable year on behalf of any individual in excess of the amount in effect for such taxable year under section 219(b)(1)(A).

26 U.S.C. §§ 408(a), (a)(1).

Amounts contributed to an IRA exceeding the yearly statutory limit are "excess contributions." *See* 26 U.S.C. § 4973(b). According to the IRS, an "excess contribution could be the result of your contribution, your spouse's contribution, your employer's contribution, or an improper rollover contribution." I.R.S. Publication 590-A, Cat. No. 66302J, at 33. In 2022, the maximum contribution limit for individuals 50 or older is $7,000.[6] A rollover contribution must be "distributed out of an individual retirement account." 26 U.S.C. § 408(d)(3)(A). For each taxable year the excess contributions remain in the IRA, an excise tax "in an amount equal to 6 percent" of the amount of the excess funds is imposed. 26 U.S.C. § 4973(a). Funds contributed in excess of the yearly limit are therefore not exempt from taxation.[7]

Here, Debtor received $90,000 as an equalizing payment pursuant to her divorce settlement. (Dkt. #48 at 2–5). Debtor deposited $80,000 of the funds into a traditional savings account at OEFCU which she later transferred into the Personal IRA. (*Id.*). It is undisputed that the $80,000 contribution was not distributed out of another individual retirement account. The Court finds that Debtor made a non-qualifying contribution into the Personal IRA in excess of

---

[6] *See Traditional & Roth IRAs*, Internal Revenue Service, https://www.irs.gov/retirement-plans/traditional-and-roth-iras.

[7] The Trustee argues that all the funds in the Personal IRA is not tax exempt because Debtor purportedly engaged in a prohibited transaction under § 4975(c) of the Internal Revenue Code when she made a single deposit of $80,000 into the account from a non-qualifying account. To the extent that the Trustee is asking the Court to make a finding that Debtor's actions constitute "lending or money or other extension of credit" for the purposes of § 4975(c), the Court declines to reach that conclusion here largely because the issue is not relevant in this case.

Case: 23-10148    Doc# 57    Filed: 02/08/24    Entered: 02/08/24 16:27:28    Page 10 of 12

the yearly statutory limit in the amount of at least $73,000, and accordingly, because the excess contribution is not exempt from taxation from the time they were deposited in to the Personal IRA, such funds do not qualify for exemption under the Bankruptcy Code. *See In re Brainard*, 652 B.R. 1, 10 (Bankr. D. Conn. May 25, 2023) (concluding "[b]ecause funds contributed in excess of the yearly limit are not exempt from taxation under § 408(a), they cannot be exempted by a bankruptcy debtor under § 522(d)(12)"); *In re Smith*, 570 B.R. 844, 853 (Bankr. D. Idaho 2017) (finding that since "the deposit in the . . . IRA both exceeded the IRC contribution limit. . . and did not constitute a proper rollover contribution, Debtors' deposits in the . . . IRA are not a pension, annuity, or retirement allowance accrued under a plan described in § 408 of the IRC as required for an exemption").

For the same reasons, the Court finds the same funds not exempt under C.C.P. § 703.140(b)(10)(E), because even assuming, *arguendo*, that the account qualified as a "similar plan or contract" within the meaning of the California statute, Debtor is not entitled to an exemption if the "plan or contract does not qualify under Section…408 or 408A of the Internal Revenue Code." *See* C.C.P. §§ 703.140(b)(10)(E)(i)–(iii).

### VI. Conclusion

For all the above-cited reasons, the Court sustains the Trustee's objections as to the Inherited IRA. With regards to the Personal IRA, the Court sustains the Trustee's objections as to the amount in excess of the maximum contribution allowed in 2022. Trustee to submit an order.

**\*\*END OF MEMORANDUM\*\***

**COURT SERVICE LIST**